IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LOUIS JANOS, III, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-11-3953 |
| § | |
| WELLS FARGO BANK, N.A., § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S
## SECOND MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court[1] is Defendant Wells Fargo Bank, N.A.'s Second 12(b)(6) Motion to Dismiss with Prejudice (Document No. 31) and Defendant Wells Fargo Bank, N.A.'s Second Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Document No. 32). Both motions are nearly identical, with Defendant seeking dismissal of Plaintiff's claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. ?1 1692 et seq., and for breach of contract, based on the allegations in Plaintiff's Second Amended Complaint (Document No. 21).[2] Having considered the motions, the responses, the allegations in Plaintiff's Second Amended Complaint, and the applicable law, the Court ORDERS, for the reasons set forth below, that Defendant's Second Motion for

---

[1] On March 14, 2012, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 13.

[2] In an Order filed on February 11, 2013, Plaintiff's "Motion for Leave to Amend First Amended Original Complaint" was granted. *See* Document No. 30. Given that ruling, Defendant's Objection to and Motion to Strike Plaintiff's Second Amended Complaint (Document No. 22) is DENIED as MOOT.

Judgment on the Pleadings Pursuant to Rule 12(c) (Document No. 32) is GRANTED, and Plaintiff's claims are dismissed for failure to state a claim.[3]

**I.     Background**

In the Second Amended Complaint Plaintiff Louis Janos, III ("Janos") was allowed to file, Janos alleges claims against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), the mortgage servicer of the mortgage loan on the property located at 2508 Mason Street, Houston, Texas 77006-3108, for violations of the Fair Debt Collection Practices Act ("FDCPA"), and for breach of contract. Janos admits that he was in default on his mortgage, but alleges that Wells Fargo, in connection with a forbearance agreement it entered into with Janos on March 1, 2011, "failed to give credit for two forbearance payments made on the same day," and "misapplied payments made by Janos by using money for fees and costs assessed on the mortgage loan, then to outstanding principal, accrued interest, and escrow costs." Those allegations form the basis of Janos' two claims under the FDCPA, and his claim for breach of contract. With respect to the FDCPA claims, Janos also alleges that "Wells Fargo is a debt collector under the terms of the Fair Debt Collection Practices Act," that "Wells Fargo misrepresented the amount of the consumer debt allegedly owed by Janos . . . by failing to give appropriate credit for payments made on the same day," and that "Wells Fargo communicated credit information which it knew to be false." As for the breach of contract claim, the totality of Janos' allegations are that: "Wells Fargo breached its contractual obligation to Janos by misapplying payments to the mortgage loan in a manner contrary to that specified in the note and

---

[3] Defendant's first Motion to Dismiss (Document No. 26) was superseded by Defendant's second motion to dismiss, and is MOOT.

deed of trust. Wells Fargo has already stated that the note and deed of trust are contracts between itself and Janos." Janos' Second Amended Complaint (Document No. 21) at 4.

Wells Fargo, in both its Second 12(b)(6) Motion to Dismiss and its Motion for Judgment on the Pleadings, maintains that Janos has not stated a plausible claim under the FDCPA or for breach of contract.

**II.    Standard of Review**

Pursuant to FED. R. CIV. P. 12(h), a defending party may move for dismissal of a claim "for failure to state a claim upon which relief can be granted" with a Rule 12(c) motion for judgment on the pleadings. When such a motion is made, the standards provided for under Rule 12(b)(6) and the cases interpreting it are to be applied. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209-210 (5th Cir. 2010).

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the

complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)).  Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

### III.    Discussion

Wells Fargo argues in its two Motions that Janos has failed to plead any facts in support of his claims under the FDCPA, or his claim for breach of contract. In particular, with respect to the FDCPA claims, Wells Fargo focuses on Janos' failure to "specify how or when Wells Fargo misrepresented anything" or "how, when, or to whom Wells Fargo communicated credit information which it knew to be false." Defendant's Second Motion for Judgment on the Pleadings (Document No. 32) at 5. As for the breach of contract claim, Wells Fargo focuses on the absence of any "factual allegations identifying the specific contractual provisions Wells Fargo allegedly violated." *Id.* at 8.

In addition to the pleading deficiencies outlined by Wells Fargo, which support Wells Fargo's argument that Janos has not stated plausible claims within the meaning of *Twombly* and *Iqbal*, Janos'

FDCPA and breach of contract claims also fail under *Twombly* and *Iqbal's* plausibility requirement because Wells Fargo, as the mortgage servicer, cannot be considered a "debt collector" under the FDCPA, and because the forbearance agreement entered into between Janos and Wells Fargo makes no provision whatsoever as to how the forbearance payments are to be used or applied to Janos' debt. Janos alleges in his Second Amended Complaint, and there is nothing in the record to the contrary, that Wells Fargo was/is the mortgage servicer of his loan. Mortgage servicers are not considered "debt collectors" under the FDCPA. *See Montgomery v. Wells Fargo Bank, N.A.*, 459 Fed. Appx. 424, 428 n. 1 (5th Cir. 2012) (plaintiff's "FDCPA claim fails because mortgage lenders are not 'debt collectors' within the meaning of the FDCPA."); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned"). Because Wells Fargo was the mortgage servicer on Janos' loan, because Janos has not alleged any facts that would support a conclusion that Wells Fargo *was* a debt collector within the meaning of the FDCPA, and because Janos has not alleged *any* facts – only mere conclusions – in support of his claims under the FDCPA, Janos has not stated a plausible FDCPA claim against Wells Fargo within the meaning of *Twombly* and *Iqbal*.

As for Janos' breach of contract claim, the entirety of the forbearance agreement, is as follows:

> 1. Currently your loan is due for 0 installments, from 03/01/11 through 02/01/11. The indebtedness of the referenced loan is in default and in consideration of extending forbearance for a period of time, it is necessary that you indicate your understanding and acceptance of the terms of the forbearance agreement by immediately signing and returning this agreement. Failure to sign and return this agreement [sic].

2. This Agreement temporarily accepts reduced installments or maintains regular monthly payments as outlined in section 5 below. Upon successful completion of the Agreement, your loan will not be contractually current. Since the installments may be less than the total amount due you may still have outstanding payments and fees. Any outstanding payments and fees will be reviewed for a loan modification, based on investor guidelines, [that] will satisfy the remaining past due payments on your loan and we will send you a loan modification agreement. An additional payment may be required.

3. The lender is under no obligation to enter into any further agreement, and this Agreement shall not constitute a waiver of the lender's right to insist upon strict performance in the future.

4. All of the provisions of the Note and Security instrument, except as herein provided, shall remain in full force and effect. Any breach of any provision of this Agreement or [non]-compliance with this Agreement, shall render the forbearance null and void. The lender, in its sole discretion and without further notice to you, may terminate this Agreement. If the Agreement is terminated, the lender may institute foreclosure proceedings according to the terms of the Note and Security Instrument. In the event of foreclosure, you may incur additional expenses of attorney's fees and foreclosure costs.

5. Each payment must be remitted according to the schedule below.
01   03/01/11   545.39   02   04/04/11   545.39   03   05/01/11   545.39   04   06/01/11   545.39   05   07/01/11   545.39   06   08/01/11   545.39

6. There is no "grace period" allowance in this agreement. All installments must be received on or before the agreed due date and made strictly in accordance with section 5 above. If any installment is not received on or before the respective due date, the Agreement will be void and the total delinquency, including fees, will be due immediately.

7. The total amount indicated on each installment must be remitted. In the event the total amount due of each payment is not received, the Agreement will be rendered null and void.

Exhibit "B" to Plaintiff's Second Amended Complaint (Document No. 21). While the forbearance agreement is not a model of clarity, the contents of the agreement do not support Janos' vague breach of contract claim.

Janos appears to complain in the Second Amended Complaint that the forbearance payments were not applied to his debt in accord with the provisions of the note and the deed of trust. However, there is nothing in the forbearance agreement that stated how the forbearance payments were to be applied. Rather, the forbearance payments, which were *substantially* less than the monthly payments on the mortgage, *see* Second Amended Complaint (Document No. 21) at 2 (forbearance payment $545.39; monthly mortgage payment "approximately $3,400.00"), were to be made "in consideration" of "extending forbearance for a period of time." Because the forbearance agreement did not state how the forbearance payments were to be applied, and because Janos has not alleged how the forbearance payments were applied in a manner that was inconsistent with the "application of payments and proceeds" provision in the Deed of Trust, Janos has not stated a plausible claim for breach of either the forbearance agreement or the Note/Deed of Trust.

Based on the contents of Janos' pleadings, Wells Fargo's status as the mortgage servicer, and the contents of the forbearance agreement which Janos has made part of his pleadings, Janos has not stated plausible claims for violations of the FDCPA or for breach of contract claim. Janos' claims are therefore subject to dismissal under Rule 12(b)(6), (c).

**IV.   Order**

Based on the foregoing, it is

ORDERED that Defendant Wells Fargo Bank, N.A.'s Second Motion for Judgment on the Pleadings under Rule 12(c) (Document No. 32) is GRANTED and Plaintiff Louis Janos, III's claims are DISMISSED for failure to state a claim. Defendant Wells Fargo Bank, N.A.'s Second 12(b)(6) Motion to Dismiss (Document No. 31) is MOOT. As for Defendant Wells Fargo Bank, N.A.'s

request for attorney's fees, which forms the basis of its counterclaim, Defendant shall have fourteen days from the date this Order is entered to file a appropriate dispositive motion that addresses the counterclaim.

Signed at Houston, Texas, this _26th__ day of April, 2013.

_____
Frances H. Stacy
United States Magistrate Judge